FILED

FEE PAID

2023 AUG 25  AM 9:45

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

Sunil Bhasin
225 Simi Village Drive, No. 941206
Simi Valley, CA  93064
Phone: 909 233 8934, No Fax Number
Email Address: sbhasinmd@aol.com

Plaintiff, In Pro Se

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA – CIVIL DIVISION

| | |
|---|---|
| Sunil Bhasin ;<br><br>Plaintiff;<br><br>Vs.<br><br>City of San Bernardino; John Valdivia as elected Mayor in the City of San Bernardino ; City of San Bernardino Police Department ; Brian Harris as Captain Chief of San Bernardino Police Department ; Supervising Officer(s) of the San Bernardino Police Department DOES 1-10, and San Bernardino Police Officer(s) DOES 11 through 20, Anshu Pathak; and DOES 21-50 Inclusive.<br><br>Defendant(s). | Case No.: S : 23-cv-01727-JFW-E<br><br>**COMPLAINT FOR DAMAGES FOR :**<br><br>1. *VIOLATION* OF PLAINTIFF'S PROCEDURAL AND SUBSTANTIVE DUE PROCESS RIGHTS, 42 U.S.C. § 1983 AND  14th AMENDMENT OF US CONSTITUTION ;<br>2. CONSPIRACY TO VIOLATE PLAINTIFF'S DUE PROECSS, FOURTH, AND FOURTEENTH AMENDMENT RIGHTS, 42 U.S.C. § 1983 ;<br>3. NEGLIGENCE ;<br>4. NEGLIGENCE PER SE ;<br>5. FAILURE TO INTERVENE TO PREVENT CIVIL RIGHTS *VIOLATIONS;*<br>6. SUPERVISORIAL RESPONSIBILITY FOR VIOLATIONS OF PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS ;<br>7. 42 U.S.C. § 1983 – MONELL LIABILITY ;<br>8. VIOLATION OF CAL. CIV. CODE § 52.1, BANE ACT ;<br>9. UNFAIR BUSINESS PRACTICES (CA *Bus & Prof Code § 17200* et. seq.  Violation of Business and Professional Code § 17200, 17500 et seq. ;<br>10. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br><br>[Demand for Jury Trial] |

Plaintiff Sunil Bhasin, hereby complain and alleges as follows :

1. This is a civil right lawsuit filed by Plaintiff Sunil Bhasin ("Plaintiff") and is brought to redress the willful / malicious violation of Plaintiff Sunil Bhasin (referred to alternatively as "Plaintiff" and "Bhasin" hereinafter) legal, procedural, substantive due process, and constitutional protected rights, by the DEFENDANTS City of San Bernardino, County of San Bernardino, in the State of California, including the local government public entity, and their various agents and/or employees' including but not limited to the City of San Bernardino ("City"), Mayor John Valdivia ("Mayor"), City of San Bernardino Police Department ("SBPD") Chief of San Bernardino Police Department Captain Brian Harris ("Chief"), Supervising Officer(s) of the San Bernardino Police Department ("SOSBPD") DOES 1-10, and/or the various San Bernardino Police Officer(s) ("SBPDO") DOES 11-20; Anshu Pathak; and DOES 21-50 Inclusive (also referred alternatively and collectively as "Defendant(s)" hereinafter).  With full knowledge of such act(s) / action(s) were in violation of CA Laws, rule of law, color of law, violation of Plaintiff's due process rights, discrimination, and/or violation of the Constitution of the State of California (CA) and/or the United States of America (U.S.A.).

## **THE PARTIES**

2. Plaintiff Sunil Bhasin (hereinafter referred to as "Plaintiff" and/or "Bhasin") is and at all times relevant to this complaint was, an individual and resident and domicile of the County of San Bernardino and in the State of California.

3. Defendant City of San Bernardino (hereinafter referred to as the "**City**") is a public entity duly organized and existing under and by virtue of the laws of the State of California.

4. Defendant City of San Bernardino Police Department (hereinafter referred to as "**SBPD**"), is an entity, a department and subdivision of Defendant City of San Bernardino ("City"),

is and at all times relevant to this complaint is a public entity duly organized and existing under and by virtue of the laws of the State of California.

5.  Defendant John Valdivia as elected Mayor in the City of San Bernardino (hereinafter referred to as "**Mayor**"), is and at all times relevant to this complaint was public official duly elected, organized and existing under and by virtue of the laws of the State of California, at the time the occurrences and/or incident occurred.

6.  Defendant Brian Harris as Captain Chief of San Bernardino Police Department, hired as a "Supervising Officer" (hereinafter referred to as "<u>Chief</u>" and/or "**COP**") also as a "Supervising Officer" works as a public official in the department and subdivision of Defendant City of San Bernardino ("City"), is and at all times relevant to this complaint was a public entity duly organized and existing under and by virtue of the laws of the State of California.

7.  Defendant Supervising Officer(s) of the San Bernardino Police Department (hereinafter referred to as "**SOSBPD**") DOES 1 through 10, works as public official(s) in the department and subdivision of Defendant City of San Bernardino ("City"), is and at all times relevant to this complaint was a public entity duly organized and existing under and by virtue of the laws of the State of California.

8.  Defendant San Bernardino Police Officer(s) (hereinafter referred to as "**SBPDO**") DOES 11 through 20, employed and/or works as public official(s) in the department and subdivision of Defendant City of San Bernardino, specifically under the Defendant San Bernardino Police Department ("SBPD"), is and at all times relevant to this complaint was a public entity duly organized and existing under and by virtue of the laws of the State of California.

9. Defendant Anshu Pathak, aka Anshu B Pathak, aka AB Pathak, aka A Pathak (hereinafter referred to as "Pathak") is and at all times relevant to this complaint was, an individual and resident and domicile of the County of San Bernardino and in the State of California.

10. At all times relevant herein, Defendant Chief, an employee of the Defendant Sam Bernardino Police Department ('SBPD"), Defendant "SOSBPD" DOES 1-10, Defendant "SBPDO" DOES 11-20 and DOES 21 through 50 (hereafter collectively referred to as " POLICE OFFICER DEFENDANTS") were residents of the County of San Bernardino, and were employed as *Police* officers, sergeants, detectives, captains, lieutenants, chiefs of *Police*, and/or civilian employees, agents and representatives of the City of San Bernardino *Police* Department and employees, agents and representatives of the City of San Bernardino, in the County of San Bernardino, and State of California.  At all times relevant hereto, said DEFENDANTS were acting within the course and scope of their employment as officers, sergeants, captains and chiefs of *Police*, policy makers, and/or civilian employees of the San Bernardino *Police* Department, a department and subdivision of Defendant City of San Bernardino ("City"). At all times relevant herein, said DEFENDANTS were acting under color of law, to wit, under the color of the various CA Laws and/or statutes, and also under the Constitution of California and the USA, and department and/or of the State of California.

11. Plaintiff is ignorant of the true full names and capacities of DEFENDANTS sued herein as DOES 21-50, inclusive, and therefore sue these DEFENDANTS by such fictitious names. Plaintiffs are informed and believe and therefore allege that each defendant designated herein as a DOE is legally responsible in some manner for the events and happenings herein referred to, and caused injury and damages proximately thereby to

Plaintiff as herein alleged. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.

12. Plaintiff is informed and believe, and thereon allege, that at all times herein concerned DEFENDANTS, and each of them, were the agents, servants and employees of each of the other DEFENDANTS, and each of them, and at all times herein alleged were acting within the course and scope of said agency and employment. All acts by DEFENDANTS, and each of them, were ratified by each and every corporate defendant, jointly and severally.

13. Plaintiff is unaware of the names and true capacities of DEFENDANTS, whether individual, corporate and/or partnership, entities named herein as DOES 1 through 50, inclusive, and therefore sue them by their fictitious names. Plaintiff will seek leave to amend this complaint when their true names and capacities are ascertained.

14. Plaintiff is informed and believe, and based thereon allege, that said DEFENDANTS and DOES 1 through 50 inclusive, are in some manner responsible for the wrong alleged herein, and that all times referenced each was the agent and servants of the other DEFENDANTS, whom obtained financial benefits from those DEFENDANTS acts and omissions, and each was acting within the course and scope of said agency and employment.

15. Plaintiff is informed and believe, and based thereon allege, that at all relevant times herein, DEFENDANTS and DOES 1 through 50, inclusive did aid, abet, participate in, contribute to, or benefit from the acts and the behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior.

16. Plaintiff further allege that DEFENDANTS and DOES 1 through 50 as identified herein, inclusive had a non-delegable duty to prevent or cure such acts and the behavior described herein, which duty DEFENDANTS and DOES 1 through 50 as identified herein, inclusive, failed and/or refused to perform.

17. At all times relevant herein, Defendant City of San Bernardino, Defendant Mayor, Defendant Chief, Defendant SOSBPD DOES 1-10, Defendant SBPDO DOES 11-20, and DOES 21-50, inclusive, were employee's and/or supervisors and/or policy makers for the City of San Bernardino and/or City of San Bernardino **_Police_** Department, which employed organized and/or allowed under their supervision the various unlawful and illegal customs and practices of use of excessive force and/or through the violation of the various CA Laws and/or Statues, and/or violation of due process and that of the CA Constitution and/or US Constitution, including but not limited to the violation of Code of Civ. Proc. §§ 712.010, 715.010 et seq., 1159 et seq.; Civ. Code § 789.3, Penal Code §§ 418 and/or 518, Sections 484, and the forced illegal entry, searches and seizures, forced unlawful assisted constructive eviction and/or ouster of CA citizens who at all times maintained legal occupancy and/or possession of real property, and through the false arrests of Plaintiff's 'security' and/or tenants of which the DEFENDANTS Police Officers lacked probable cause, based on false and/or falsification of evidence relief by Defendant Pathak, who also resorted to the filing of false **_police_** reports in **_violation_** of P.C. § 118.1 and willfully committing perjury in carrying out their wrongful act(s), which were never mandate or allowed by CA Laws or Statues. Said **_misconduct(s)_** was willful, colluded with, encouraged, tolerated and condoned, despite knowing such disputes by Plaintiff and Pathak were 'civil' and not 'criminal, but ignored the CA Laws/ Statues, the

Constitution (CA and/or US), due process rights, and/or the legal rights of Plaintiff by these DEFENDANTS, including but not limited to the CITY, SBPD, MAYOR, CHIEF, SOSBPD DOES 1-10, SBPDO 11-20, and/or DOES 21-50, (hereinafter also collectively referred to as "DEFENDANTS").

18. On or about July 13, 2022, the Attorney General, Rob Bonta, and/or the attorney general office, provided notice, No. 2022-DLE-05, of the division of Public Rights and Consumer Protection Section, against protecting Tenants and/or legal occupants against "Unlawful Lockouts" and/or other 'self-help Evictions", to All Chiefs of Police and California Sheriff's. Attache as Exhibit "B" is a true and accurate copy of the Notice from the CA Department of Justice, Division of Law Enforcement, Chief D. Marshal, and/of from the CA Attorney General, Rob Bonta.

19. At all times relevant herein, the Defendant(s) CHIEF, SOSBPD DOES 1-10, SBPDO 11-20, and/or DOES 21-50 (collectively also referred to as "***POLICE*** Officer DEFENDANTS") and each of them, were acting within the course and scope of their employment as ***police*** officers and employees of the San Bernardino ***POLICE*** Department and for the City of San Bernardino ("CITY") and/or for the Mayor of the City of San Bernardino ("MAYOR"), which are all liable, individually and/or collectively in respondeat superior for said employees" state-Jaw torts pursuant to *section 815.2 of the California Government Code.*

20. Plaintiff timely filed sufficient claims for damages as required by *California Government Code § 900* et seq. with the City of San Bernardino on or about December 8, 2022. On February 28, 2023 the City of San Bernardino, by and through the George Hills entity, provided notice of the denial of the Plaintiff's claims. (See Exhibit "A" attached herein).

21. Venue is proper in this **_Court_** because all of the events alleged herein occurred within the County of San Bernardino, all DEFENDANTS, including Defendant Pathak, conduct operations within the County of San Bernardino, and all witnesses either work or live within the County of San Bernardino.

## JURISDICTION AND VENUE

22. This is a civil action pertaining to federal question and/or violation of US Constitution, with jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 (federal question) and §1343(3) (civil rights). The state law claims for relief are within the supplemental jurisdiction of the Court, pursuant to 28 U.S.C. § 1367. This court has Federal Jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331-1332, and 28 U.S.C. § 1338 (a), as well as pendant jurisdiction over any state law claims asserted herein pursuant to 28 U.S.C. § 1367(a).

23. Plaintiff's claims herein arise out of an incident involving in the City of San Bernardino, County of San Bernardino, in the State of California, including the local government public entity, and their various agents and/or employees' including but not limited to the Mayor John Valdivia ("Mayor"), Chief of San Bernardino Police Department Captain Brian Harris ("Chief" / "COP"), Supervising Officers of the San Bernardino Police Department ("SOSBPD") DOES 1-10, and/or the various San Bernardino Police Officers ("SBPDO") DOES 11-20, and DOES 21-50 inclusive, and within this judicial district.

24. Venue is proper in this District under 28 U.S.C. § 1391 (b) and 28 U.S.C. §1400(a), Federal Question and/or pursuant to Constitutional Violations 42 U.S.C. § 1983.

## FACTUAL BACKGROUND

### FACTS COMMON TO ALL CAUSES OF ACTIONS

25. Plaintiff Sunil Bhasin (hereafter referred to as "BHASIN" and/or "Plaintiff") is lawful owner and/or legal possessor of the real property located at 179 W. Highland Ave., a approx.. single story 4,500 square feet commercial building, with a secured and/or gated outside parking area, in the City of San Bernardino, County of San Bernardino, and State of California.

26. Plaintiff has been conducting business known as "Bhasin's Property Management", with account no. : 961602, issues by the City of San Bernardino Business Department.    .

27. Plaintiff provides products and services to the local public and with affiliated individual companies that service both local, and various other developing business plans including but not limited to car rental, various transportation and/or moving services, janitorial and/or cleaning services, lawn services, handyman services, mobile repair services, demolition and/or hauling services, online internet marketing, local and nationwide on-line retail of various used and/or 'new' products, including various products, goods, and/or merchandise, including but not limited to bike products, computer products, clothes, electronics, automobile products, tools, furniture, and/or other various items. Plaintiff had taken over 5 years of development of the various aspects of the business, and build the various inventory in both tools, supplies, and/or goods / merchandise that fully occupied the commercial building and also various commercial trucks. Over 25 vehicles were also used to run the various businesses, including but not limited to 20 foot box truck, 'dump trucks', trucks with a backhoe attachment, 20 foot steak-bed truck, box service trucks, and various service transportation cars, including Hybrid Prius.

28. The replaceable value of the various personal property, 'tools', goods / merchandise, and/or vehicles, collectively referred to 'assets', would be valued exceeding 1 million dollars, as the number of items in the Highland Property exceeded over 10,000 items.

29. California provides strict notice and due process procedures for any landlord to evict any and all tenant(s), who have legal rights and/or 'at will' relationship with the real property.

30. The California courts and legislature imposes such procedures to ensure that any tenants are not deprived of their homes, business, and/or property without the landlord obtaining the approval of the Court. Here, the alleged Landlord and/or owner actions to circumvent such procedures and remove the Plaintiff, the various tenant(s) located at the commercial and/or real properties, refereed herein to as the "Highland Property" without court approval constitutes "illegal landlord self-help," something the legislature and courts have explicitly sought to avoid through the adoption and imposition of the summary Unlawful Detainer process, commonly referred to as an eviction.

31. Defendant Pathak resorted to a ongoing series of unlawful 'self-help' actions were willfully and maliciously conducted, after a **failed** Unlawful Detainer action(s) against Plaintiff and some of the tenants and/or associates, filed with the Superior Court of California, County of San Bernardino, in the Fontana District, with Case No. : LLTVA 2200076, Case No : Joseph Rogers v Joyce Guzman et. al. regarding he "Highland Property". The Court 'dismissed' these UD actions, as they were facially deficient and without any merit and therefore there were never any Court Order regarding 'Writ of Possession" issued.

32. DEFENDANTS, and each of them including DOES 21-50 inclusively, chose to violate Plaintiff's rights, interfere with the various businesses, 'seize' the Highland Property, in

violation of CA Laws, and contribute to the damage, theft, and/or the loss of the various

'assets' therein, causing the ongoing damages to Plaintiff.

DEPRIVATION OF THE RIGHTS OF PLAINTIFF – VIOLATION OF 42 U.S.C. § 1983

33. California recognizes the tort of **wrongful eviction**. The same basic policy against

forcible or other wrongful ouster that gives the tenant the summary remedy to obtain

restoration of possession gives the tenant a tort action for damages for wrongful eviction.

34. Plaintiff believes and herein alleges, that the San Bernardino Police Department

("SBPD") policy mandates that officers should not get in apparent landlord-tenant

disputes. Officers are also instructed <u>not</u> to facilitate evictions.

35. Defendants' acts, omissions and conduct were a direct, substantial, legal and proximate

cause of and factor in the injuries, damages and harm to Plaintiff who has suffered, and

will continue to suffer from, including but not limited to: pain and suffering; injury to

Plaintiff's physical health and activity; shock to Plaintiff's nervous system; emotional

distress; depression; anguish, fright; horror; nervousness; grief; anxiety; worry;

shock; humiliation; shame; mortification; indignity; embarrassment; apprehension;

mental  suffering;  medical  expenses; loss of business; loss of assets; loss of income ;

and   inconvenience violated 42 U.S.C. § 1983 by unlawfully and/or illegally carrying

out the 'seizure' of the Highland Property, the various personal property, equipment,

supplies, vehicles (cars and trucks) (collectively referred to as 'assets') and/or the 'ouster'

or wrongful eviction, in violation of CA Laws/ Statues.

36. DEFENDANTS AND DOES 21-50, and each of them are liability and/or violation of

CA PC 418, wrongful unlawful eviction, violation of California Code of Civil Procedures

("CCP") section 1159.

37. Defendant SBPD and/or SBPDO DOES 11-20, refusal to take Police Reports, specifically in violation of CA VC §10851(a) and/or PC : 487(d)(1).

38. DEFENDANTS AND DOES 21-50, and each of them, actions and/or will conduct caused Plaintiff civil Violations, violation of 'color of law', discrimination, violation of US Constitution, specifically 4th and 14th Amendment.

39. Violate any law that prohibits discrimination based on actual or perceived race, gender, sexual preference, sexual orientation, ethnic background, nationality, place of birth, immigration or citizenship status, religion, age, parenthood, marriage, pregnancy, disability, AIDS or occupancy by a minor child.

40. A wrongful seizure violated the Fourth Amendment is to determine whether it was "unreasonable." *Kernats, 35 F.3d at 1181 n.6.* Whether a seizure was unreasonable is determined "by balancing the extent of the intrusion against the need for it." *Id. (quoting Tennessee v. Garner, 471 U.S. 1, 7-8, 85 L. Ed. 2d 1, 105 S. Ct. 1694 (1985)).*

41. The fourth amendment to the United States Constitution protects people from unreasonable searches and seizures of their persons, houses, papers, and effects. U.S. Const., amend. IV. *People v. Gott, 346 Ill. App. 3d 236, 241, 803 N.E.2d 900, 281 Ill. Dec. 279 (2004).* The fourth amendment seeks to balance the interests of citizens in being free from unreasonable interferences with privacy and the interests of fair law enforcement in protecting the community. *Id at 242.*

42. Under general supervision, performs a wide variety of duties involved the enforcement of laws and the prevention of crimes; controls traffic flow and enforces state and local traffic regulations; issues citations; participates in and conducts a variety of criminal investigations; makes arrests; provides support and

assistance to special crime prevention and law enforcement programs; and performs a variety of technical and administrative tasks in support of law enforcement services and activities.

43. Plaintiff is informed and believes, and on the basis of such information and belief alleges, that Defendants including but not limited to the Defendant City of San Bernardino ("City"), Defendant San Bernardino Police Department ("SBPD"), Defendant "Mayor", Defendant COP, Defendant "SOSBPD" DOES 1-10, Defendant SBPDO DOES 11 - 20, Pathak, and DOES 21-50 (collectively referred to as "Defendants"), with deliberate indifference, gross negligence, and reckless disregard for the safety, security, and constitutional and statutory rights of the Plaintiff, and all persons similarly situated, maintained, enforced, tolerated, permitted, acquiesced in, and applied policies, practices, or customs and usages of, among other things :

a) Subjecting Plaintiff as a San Bernardino citizen in the United States of America, to unreasonable uses of force against their persons;

b) Selecting, retaining, and assigning deputies with demonstrable propensities for excessive force, violence, and other misconduct(s), in violation of the color or Law, Violation of CA Laws and Statues, and/or violation of the Constitution of CA and the US;

c) Failing to adequately train, supervise, and control the SBPDO in the arts of law enforcement, including but not limited to and/or without limitation, the taking into custody of persons such as Plaintiff's security and/or tenants, who are perhaps emotionally upset, but not otherwise engaged in criminal activity, without seriously injuring or killing them;

d) Failing to adequately discipline Defendant SBPDO DOES 11-20 involved in the various acts and/or misconduct(s); and

e) Condoning and encouraging Defendant SBOD DOES 11-20, in the belief that they can violate the rights of persons such as the Plaintiff and/or any other citizen of the City of San Bernardino and/or the USA in this action with impunity, and that such acts and/or conduct(s) in violation, will not adversely affect their opportunities for promotion and other employment benefits.

44. DEFENDANTS and DOES 21-50, and each of them are liable under § 1983 for the actions of its police officers because it maintained an unlawful policy permitting police officers to perform unlawful actions, including but not limited to forced entry, unlawful 'seizure' of the Highland Property and/or the various 'assets' of Plaintiff therein, and/or the outer and/or evictions without due process and/or in the violation of CA laws and statues.

45. DEFENDANTS, and each of them acting under color of state law, deprived Plaintiff of his various constitutional protected right(s) as alleged and identified herein, including but not limited to the violation(s) of the Fourth Amendment and without due process of law in violation of the Fourteenth Amendment by use of unreasonable, unjustified force, threats, and the use of excessive violence, causing injuries which resulted in the Plaintiff's various damages, all without provocation, and all in violation of rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution.

46. As a proximate result of the foregoing wrongful acts of DEFENDANTS, and each of them, plaintiff sustained general damages including grief, emotional distress and pain and

suffering and loss of the care, comfort and society, and special damages, including loss of

support, in an amount in accordance with proof.

47. In doing the foregoing wrongful acts, DEFENDANTS, and each of them, acted in

reckless and callous disregard for the constitutional rights of plaintiffs.  The wrongful

acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus

warranting the   award of punitive damages against each individual defendant (but not the

entity DEFENDANTS, which are immune from such damages) in an amount adequate to

punish the wrongdoers and deter future misconduct.

48.

49.  At this time, DEFENDANTS, and each of them including DOES 21-50 inclusively,

continue to engage in the aforementioned   activity.

50. A

A Allegations Regarding Damages.

51.  Plaintiff has lost access to the various property (real and/or personal), including but not

limited to the various assets, cars, trucks, and/or various tools, materials, and/or personal

and other valuable items, and with the loss of security, freedom, comfort and society, and

has sustained emotional distress, all in amounts in accordance with proof.   Plaintiff has

incurred ongoing damages in the use of the property, rental value, and ongoing other

related expenses and/or loss of profits from the various businesses and/or contractual

relations.  The Plaintiff sustained ongoing general damages, including the loss of

enjoyment of his life, in an amount in accordance with proof.

52.  The various act(s) and/or conduct(s) of the individual DEFENDANTS, Defendant

Pathak, DOES 21-50, and each of them, separately and/or jointly were willful, malicious,

oppressive and in reckless disregard for the rule of law, color of law, and/or with the disregard of the due process rights or the constitutional protected rights of Plaintiff, thus justifying punitive damages against the individual DEFENDANTS in an amount in accordance with proof.

53.  As a proximate result of the foregoing wrongful acts of DEFENDANTS, Defendant Pathak, DOES 21-50, and each of them, Plaintiff sustained general, special, and compensatory damages including but not limited to grief, emotional distress and pain and suffering and loss of the various assets, use of the property (real and/or personal), comfort and society, and special damages, including loss of income and/or support, in an amount in accordance with proof.

54. In doing the foregoing wrongful acts, DEFENDANTS, Defendant Pathak, DOES 21-50, and each of them, acted in reckless and callous disregard for the constitutional rights of Plaintiff and/or the violation of the various Laws and/or statues, causing ongoing damages, according to proof. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual Defendant (but not the entity defendant(s), which are immune from such damages, if they apply) in an amount adequate to punish the wrongdoers and deter future misconduct(s).

B.  Allegations Regarding Exhaustion of Administrative Remedies

55.  Plaintiff timely filed an administrative claim with the City of San Bernardino pursuant to Cal. Gov't Code § 910. The claim was denied on February 28, 2023, and of which if any governmental codes apply to this claim, are deemed timely (if apply).

**FIRST CAUSE OF ACTION**

**(*VIOLATION* OF PLAINTIFF'S PROCEDURAL AND SUBSTANTIVE DUE PROCESS
RIGHTS, 42 U.S.C. § 1983 and 14th AMENDMENT OF US CONSTITUTION)
(Against All DEFENDANTS, Defendant Pathak, DOES 21-50)**

56. Plaintiff realleges and incorporates by reference each and every allegation set forth in all
above paragraphs of this action.

57. This action is brought pursuant to *42 U.S.C. § 1983* and the ***Fourteenth Amendment of
the United States Constitution*** for *violation* of Plaintiff's procedural and substantive due
process rights.

58. As described in this action above, All of the DEFENDANTS, the City, Mayor, and/or
the San Bernardino ***POLICE*** Officer DEFENDANTS, including COP, SBPD, SOSBPD
DOES 1-10, SBPDO DOES 11-20, and DOES 21-50, and each of them, knew and/or
should of known that their act(s), individually and/or jointly violated Plaintiff's CA
Laws, Statues, and also of the Fourth Amendment rights protected, by the wrongful entry,
wrongful 'seizure' and/or detention, wrongful constructive eviction, and/or the
unlawfully and unreasonably detaining and seizing the Highland Property and the various
'assets' therein.

59. In doing these things, said DEFENDANTS acted specifically with the intent to deprive
Plaintiff of their constitutional rights under the Fourth Amendment to be free from
unreasonable seizures.

60. Said DEFENDANTS, Defendant Pathak, DOES 21-50, and each of them, subjected
Plaintiff to the aforementioned deprivations by either actual malice, deliberate
indifference or a reckless disregard of his due process rights, color of law, and/or his
rights under the CA and U.S. Constitution.

61.  Said DEFENDANTS, Defendant Pathak, DOES 21-50, and each of them, acted at all times herein knowing full well that the established practices, customs, procedures and policies of the San Bernardino ***POLICE*** Department ("SBPD") would allow a cover-up and allow the continued ***violation*** of the Fourth Amendment of the Constitution of the United States.

62.  As delineated in the above, Plaintiff's tenants and/or 'security', were wrongfully arrested without probable cause, and of which contributed to the various damages and/or losses, incurred by the Plaintiff.

63.  Said Defendant Pathak used false and/or forged documents, and/or false statements, in ***violation*** of ***Penal Code § 118.1*** filed materially false ***police*** reports, made materially false statements, on which the DEFENDANTS, DOES 21-50, and each of them, knew them to be false, with the engagement of wrongful, unlawful acts and/or activities, all for the purpose of having Plaintiff be damaged, and/or causing the maximum losses.

64.  Said DEFENDANTS, including the the City, Mayor, and/or the San Bernardino ***POLICE*** Officer DEFENDANTS, incorporating the COP, SBPD, SOSBPD DOES 1-10, SBPDO DOES 11-20, and DOES 21-50, and each of them, knew and/or should of known, that Defendant Pathak was using false and/or forged documents in regards to the Highland Property, that Defendant Pathak's forged instruments never conveyed effective title to the real property, above the Plaintiff's, at all times Plaintiff had legal ownership and possession of the Highland Property, a civil dispute existed between Plaintiff and Defendant Pathak, and Defendant Pathak failed in several attempts to remove Plaintiff through a 'unlawful detainer' actions, and Defendant Pathak used false statements and/or

reports and filed them with the San Bernardino Policed Department and/or with the City of San Bernardino, under oath, a violation of CA Laws / Statues.

65. With knowledge of the false statements and/or documents used by Defendant Pathak and/or such facts / information provided by the Plaintiff to the DEFENDANTS on multiple occasions, including the City, Mayor, COP, and/or SBPD, and as such at no time did said DEFENDANTS and DOES 21-50, and each of them, have probable cause to use 'force' to enter the Highland Property, while Plaintiff and his tenants had legal lawful possession of the Highland Property. The Police Officers DEFENDANTS, all are liable and/or responsible for the unlawfully enter the Highland Property repeatedly, based on false statements and/or forged documents, and without otherwise probable cause, to arrest Plaintiff's 'security' and/or 'tenants', leaving the Highland Property unprotected and/or 'seized' the various assets therein, causing Plaintiff extensive damages and/or losses.

66. As a result of the above-described willful acts and ***misconduct***, by the DEFENDANTS, Defendant Pathak, DOES 21-50, and each of them, Plaintiff's 'security' and/or tenants were wrongfully and unjustly detained and subjected to the wrongful conduct at the hands of DEFENDANTS, Defendant Pathak, and DOES 21-50, individually and/or in concert, as herein above alleged.

67. By engaging in the various wrongful conduct described herein and above, DEFENDANTS, Defendant Pathak, DOES 21-50, and each of them, have violated Plaintiff legal rights and/or due process constitutional protected rights, and/or in violation of the color of law, rule of law, and/or the various CA Laws and statues, as referenced herein. Because DEFENDANTS, Defendant Pathak, DOES 21-50, and each of them, have engaged in the various actions and/or unlawful conduct(s), as described herein with

malicious and/or fraudulent intent, and with the actual knowledge of the harm being caused to Plaintiff by such wrongful conduct(s) and actions, in which this being an exceptional case, which merits an award of treble damages and attorney's fees against DEFENDANTS, Defendant Pathak, DOES 21-50, and each of them.

68. At all times DEFENDANTS Defendant Pathak, DOES 21-50, and each of them, individually and/or collectively, actions and/or conduct has caused and will continue to cause Plaintiff great and irreparable injury that cannot be adequately compensated or measured in damages. Plaintiff has no adequate remedy at law and will suffer immediate and irreparable loss, damages and injury unless, DEFENDANTS, Defendant Pathak, and DOES 21-50, and each of them, are restrained and enjoined from continuing to engage in such wrongful conduct.

69. As the actual and proximate result of the acts and omissions of said DEFENDANTS, Defendant Pathak, DOES 21-50, and each of them, as described herein, Plaintiff's tenants and/or 'security' were made to lose their freedom and liberty for the period of their arrest and the Plaintiff was harmed, from the ***violation*** of the Fourteenth Amendment's procedural and substantive due process guarantees. During forced entry, 'seizure' of the Highland Property, the various 'assets' therein (including but not limited to the various cars and trucks, and various personal property), the Plaintiff has suffered from the damages, loss of business, loss of income, and during said time suffered, and continue to suffer, severe emotional and psychological pain, suffering, anxiety, depression, anguish, shock, and fear. As further proximately resulting from said DEFENDANTS', Defendant Pathak, and DOES 21-50, and each of them, willful and 'bad faith' ***misconduct***, which violated Plaintiff's due process, the rule of law, CA Statues, and/or Constitution, Plaintiff

has experienced a significant loss, including the various business loss, investment loss, and/or loss of various personal property and/or assets, with such damages / losses believed to exceed 20 Million, and to be determined at trial.

70. The aforementioned acts of said DEFENDANTS, Defendant Pathak, DOES 21-50, and each of them, were willful, wanton, malicious and oppressive, and in violation of color of law / rule of law, and as such said ***misconduct*** shocks the conscience thereby justifying the awarding of exemplary and punitive damages as to these DEFENDANTS, Defendant Pathak, and DOES 21-50, and each of them.

## SECOND CAUSE OF ACTION
### (CONSPIRACY TO VIOLATE PLAINTIFF'S DUE PROECSS, FOURTH, AND FOURTEENTH AMENDMENT RIGHTS - 42 U.S.C. § 1983)
### (Against All DEFENDANTS, Defendant Pathak, and DOES 21-50)

71. Plaintiff realleges and incorporates by reference each and every allegation set forth in all above paragraphs of this action.

72. This action is brought pursuant to *42 U.S.C. § 1983 and the Fourteenth Amendment of the United States Constitution.*

73. Beginning on the date of Plaintiff's Highland Property 'seizure', and/or 'security' / 'tenant(s)' unlawful arrest, and the various malicious actions, and continuing through the date of the filing of this action, ***POLICE*** Officers DEFENDANTS, Defendant Pathak, DOES 21-50, and each of them, collectively planned and acted in concert to violate Plaintiff's due process rights, color of law and/or the various CA Laws / Statues, and violate the Fourth and Fourteenth Amendment Rights of Plaintiff, and to carry out a malicious and evil plan to falsely and wrongfully, unlawfully enter, arrest the occupants (Plaintiff's 'security' and/or 'tenants') of the Highland Property without legal or probable

cause, and/or based on false statements or documents, and thereafter 'seizure' of the

Highland Property while the Plaintiff had legal occupancy and ownership, knowing that

such acts were in violation of CA laws and Statues.

74. At said time and place, said DEFENDANTS, Defendant Pathak, DOES 21-50, and each

of them, expressly and impliedly agreed that they would willfully and unlawfully 'seize'

the Highland Property, without due process, a Court Order, and/or Court writ of

execution from a legal unlawful detainer procedures, thereby bypassing all eviction

processes, as mandated by CA laws and statues. Instead said DEFENDANTS, DOES 21-

50, and each of them, 'seized' the Highland Property, made their own determination

and/or conducted their own judgement, and thereby falsely arrested the Plaintiff's

'security' and/or lawful tenant(s), placed handcuff, detain, solely on falsify evidence, all

for the malicious and unlawful purpose of violating Plaintiff civil rights and of

unlawfully inflicting punishment on Plaintiff, 'seizing' the various personal property

and/or assets within the Highland Property.

75. Said DEFENDANTS, Defendant Pathak, DOES 21-50, and each of them, along with

other co-conspirators purposefully, under color of law, planned and intended to deny

Plaintiff the equal protection of the laws and injure Plaintiff in the following respects :

a. to deny the right to be free from unreasonable entry and/or tenant arrests not based on

probable cause ;

b. to deny the right not to be deprived of life and liberty without due process of law ;

c. to deny the right of due process and make judgement without a civil process, in

violation of color of law, CA laws and/or statues ;

d.  to deny the right against cruel and unusual punishment ;

e. failure to 'protect' Plaintiff's 'assets after 'seizure' and forced ouster and/or constructive eviction.

76. By virtue of the foregoing, said DEFENDANTS, DOES 21-50, and each of them, and/or at least two or more of them, conspired for the purpose of :

a. depriving Plaintiff of equal protection of the laws and of equal protection and immunities under the law; and,

b. preventing and hindering the constituted authorities, including but not limited to the and the State of California from giving and securing Plaintiff equal protection of the law and preventing deprivation of liberty and property, without due process of law and/or color of law, and/or pursuant to the Constitution of CA and the USA.

77. Said DEFENDANTS, Defendant Pathak, DOES 21-50, and each of them, did and caused to be done, an act or acts in furtherance of the object of the conspiracy, as enumerated above, whereby Plaintiff were deprived of their rights and privileges as set forth above. These acts included the said DEFENDANTS, Defendant Pathak, DOES 21-50, and each of them, falsely, fraudulently, and unlawfully claiming that Plaintiff possessed evidence of a crime, including using false deeds or instruments and/or forged documents, or authoring and filing false *police* reports in *violation* of **P.C. § 118.1** to conceal and justify *police misconduct*, knowingly allowing to be provided or approving such false reports, giving false and deliberately misleading and perjurious statements, without any valid investigators, allowing to be given false and perjurious testimony in the alleged investigation of the incident and as part of the related alleged criminal proceedings, and failing to discipline and recommend for prosecution officers committing such *misconduct*

and/or violating CA laws / statues, rule of law, color of law, due process, and/or the

Constitution (CA and/or US).

78. By virtue of the foregoing, said DEFENDANTS, Defendant Pathak, DOES 21-50, and

each of them, violated Plaintiff's procedural and substantive due process rights under the

Fourteenth Amendment.

79. Notwithstanding the duties owed to Plaintiff, and notwithstanding the laws of the State

of California and the rights granted to Plaintiff under the U.S. Constitution, these

DEFENDANTS, and each of them, with deliberate indifference to the constitutional

rights of Plaintiff, failed and refused to prevent the wrongs conspired to be committed

against Plaintiff, despite their ability and duty to do so.

80. As the actual and proximate result of the acts and omissions of said DEFENDANTS,

Defendant Pathak, DOES 21-50, and each of them, as described herein, Plaintiff was

made to lose his business, the various 'assets' of the Highland Property, the tenant(s)

freedom and liberty for the period stated above, this in ***violation*** of the Fourteenth

Amendment's procedural and substantive due process guarantees. During said 'seizure',

tenant(s) and/or security incarceration, and thereafter, Plaintiff suffered loss of business,

and/or the various 'assets' therein causing a ripple effect of damages as stated herein.

During this period and thereafter Plaintiff has suffered and continues to suffer, severe

emotional and psychological distress, suffering financially, causing severe anxiety,

depression, anguish, shock, and fear from being threatened of harm, if Plaintiff attempted

to enter the Highland Property and/or cause the protection of the various 'assets' therein.

As further proximately resulting from said DEFENDANTS', Defendant Pathak, DOES

21-50, and each of them malicious unlawful ***misconduct***, Plaintiff has experienced a

significant investments losses, business losses, loss of income, and/or loss of personal
property and/or assets therein.

81. The aforementioned acts of said DEFENDANTS, Defendant Pathak, DOES 21-50, and
each of them, were willful, wanton, malicious and oppressive justifying the awarding of
exemplary and punitive damages as to said DEFENDANTS for the unlawful acts and/or
misconduct(s).

82. By engaging in wrongful conduct described herein and above, DEFENDANTS,
Defendant Pathak, DOES 21-50, and each of them inclusively, have violated Plaintiff's
due process rights, color of law, rule of law, CA Laws and/or Statues, and/or the
Constitution protected rights . Because DEFENDANTS, Defendant Pathak, DOES 21-50,
and each of them, have engaged in the conduct described herein with malicious and/or
fraudulent intent, and with the actual knowledge of the harm being caused to Plaintiff, by
such wrongful and unlawful conduct(s)/ acts, of which this is an exceptional case, which
merits an award of treble damages and attorney's fees against each of the
DEFENDANTS.

83. Plaintiff is seriously injured by such deception and/or wrongful illegal act(s), in that it
negatively impacts its ability to conduct business and/or protect the various 'assets',
including the sale, distribution, market and otherwise exploit the various business
transactions, services, and/or products and subjects them as a direct result of the
DEFENDANTS', Defendant Pathak, DOES 21-50, and each of them inclusively,
malicious actions.

84. DEFENDANTS, Defendant Pathak, DOES 21-50, and each of them, unlawful malicious
acts and conduct(s) has caused and will continue to cause Plaintiff great and irreparable,

ongoing injury of a nature that cannot be adequately compensated or measured in

damages. Believed to exceed 20 Million, and to be determined at trial. Plaintiff has no

adequate remedy at law and will suffer immediate and irreparable loss, damage and

injury unless each of the DEFENDANTS are restrained and enjoined from continuing to

engage in such wrongful conduct.

### THIRD CAUSE OF ACTION

#### (Negligence)

#### (Against All DEFENDANTS, Defendant Pathak, and DOES 21-50)

85. Plaintiff realleges and incorporates by reference each and every allegation set forth in all
above paragraphs of this action.

86. DEFENDANTS, Defendant Pathak, and DOES 21-60, had a duty and obligation to
perform their employment, conform their conduct, and execute laws and regulations in a
lawful and reasonable manner, despite the instruction by any third party, other officers,
and/or through deception or perjury by other DEFENDANTS.

87. DEFENDANTS and DOES 21-50, and each of them, had a duty and obligation to
perform their employment, conform their conduct(s), and execute and apply all laws,
regulations, and confirm with the rule of law, color of law, comply with the constitution
and conduct all acts, procedures and/or actions in a lawful and reasonable manner.

88. DEFENDANTS, Defendant Pathak, and DOES 21-50, and each of them, breached that
duty and/or responsibility when they so negligently and carelessly engaged in the
activities described above, including but not limited to the unlawful (1) forcible entry and
seizure of Plaintiff's property; (2) depriving the Plaintiff of his various assets and/or
lawful possession of the property or assets, without cause or due process, based on false
accusation that Plaintiff possesses and/or actions were based on fraudulent activity; (3) by

their search and detention of Plaintiff's property and/or assets, as hereinabove alleged, and (4) all the offenses, violation of laws, due process legally protected rights, and/or Plaintiff's constitutional protections, and causes of actions as described above.

89. DEFENDANTS, Defendant Pathak, and DOES 21-50, and each of them, individually or collectively, knew, or should have known, that their conduct was unnecessary, unreasonable, and unlawful, and in violation of the various CA Laws and the Constitution.  A reasonable **_police_** officer upon approaching and/or dealing with the incident and/or dealing with Plaintiff's property and/or assets, when applying the color of law, CA Laws or Statues, rule of law, Constitutional protected rights, and also without a Court Order or Writ of Execution, would **not** have engaged in the above described conduct(s) and would **not** have effectuated the entry, detention,   search, and/or seizures of Plaintiff's assets or property, or the arrest of Plaintiff's tenant or security.

90. By virtue of the foregoing, DEFENDANTS, Defendant Pathak, and/or DOES 21-50, and each of them, owed Plaintiff a duty of due care, and that duty was breached by the DEFENDANTS' and Defendant Pathak, DOES 21-50 negligence and gross negligence, and failure to exercise due care in dealing with the Plaintiff on or about May 2023 and thereafter, as alleged and set forth above herein.

91. DEFENDANTS, Defendant Pathak, and DOES 21-50, and each of them, actions proximately caused harm to Plaintiff both in the form of loss of assets, profits (past, present, and future), physical pain, emotional distress, injury, monetary loss, and dignitary harms.

92. As a direct and proximate cause of the aforementioned acts of DEFENDANTS, Defendant Pathak, and/or DOES 21-50, and each of them, Plaintiff was injured as set

forth above, and are entitled to general, special and/or compensatory damages, according to proof.

93. DEFENDANTS, and each of them, including DOES 21-50 inclusively, intentionally and knowingly .

94. DEFENDANTS, Defendant Pathak, and DOES 21-50, and each of them inclusively, acts of have also caused Plaintiff irreparable, ongoing injury of a nature that may not be compensate by monetary damages alone, and Plaintiff is therefore entitled damages and relief.

95. Furthermore, by engaging willingly in the wrongful conduct described herein, DEFENDANTS, Defendant Pathak, DOES 21-50, and each of them, inclusively, have acted maliciously fraudulently and oppressively, in conscious disregard of Plaintiff's rights. Consequently, Plaintiff is entitled to punitive damages in an amount sufficient to punish DEFENDANTS, and each of them, according to proof at trial.

96. Since DEFENDANTS, Defendant Pathak, and DOES 21-50, each of them inclusively, acts have also caused Plaintiff irreparable, ongoing injury of a nature that cannot be adequately compensated or measured in damages, Plaintiff has no adequate remedy at law and will suffer immediate and irreparable loss, damage and injury unless DEFENDANTS, Defendant Pathak,, and DOES 21-50, and each of them inclusively, are restrained and enjoined from continuing to engage in such wrongful conduct(s).

## FOURTH CAUSE OF ACTION
### (Negligence Per Se)

**(Against All DEFENDANTS, Defendant Pathak, DOES 21-50)**

97.  Plaintiff realleges and incorporates by reference each and every allegation set forth in all above paragraphs of this action.

98.  DEFENDANTS, Defendant Pathak, and DOES 21-50, and each of them, had a duty and obligation to perform their employment, conform their conduct(s), and execute and apply all laws, regulations, and confirm with the rule of law, color of law, comply with the constitution and conduct all acts, procedures and/or actions in a lawful and reasonable manner.

99.  DEFENDANTS, Defendant Pathak, and DOES 11-60, and each of them, had a duty, responsibility, and/or obligation to perform civic duty and through their employment, conform their conduct, and execute laws and regulations in a lawful and reasonable manner, despite the instruction by any third party, other officers, and/or through deception or perjury by other DEFENDANTS.

100.

101.  Plaintiff is the owner of  .

102.  As a direct result of DEFENDANTS, Defendant Pathak, and each of them inclusively, willful acts of Trademark Infringement as described herein, Plaintiff has suffered substantial damage, at an amount to be proven at trial.

103.  DEFENDANTS', Defendant Pathak, and DOES 21-50, and each of them, various acts / actions, believed to be in violation of CA Laws and/or of the US Constitution, have also caused Plaintiff irreparable, ongoing injury of a nature that may not be compensate or measured by monetary damages alone, and Plaintiff has no adequate remedy at law and will suffer immediate and irreparable loss, damage and injury in such wrongful conduct and is therefore entitled to injunctive relief.

104. Furthermore, by engaging willingly in the wrongful conduct described herein, DEFENDANTS, Defendant Pathak, and DOES 21-50, and each of them, have acted maliciously fraudulently and oppressively, in conscious disregard of Plaintiff's rights. Consequently, Plaintiff is entitled to punitive damages in an amount sufficient to punish DEFENDANTS according to proof at trial.

## FIFTH CAUSE OF ACTION
### (FAILURE TO INTERVENE TO PREVENT CIVIL RIGHTS *VIOLATIONS*)
### (Against DEFENDANTS AND DOES 21-50)

105. Plaintiff realleges and incorporates by reference each and every allegation set forth in all above paragraphs of this action.

106. This action is brought pursuant to *42 U.S.C. § 1983*, and the *Fourteenth Amendment of the United States Constitution*, for *violation* of Plaintiff procedural and substantive due process rights.

107. At the time and place alleged herein, *POLICE* OFFICER DEFENDANTS were present at the immediate scene of the detention, search, arrest and booking of Plaintiff.

108. At said date and location, said DEFENDANTS were in the position and authority to lawfully intervene in and prevent the unjustified and unwarranted detention, search and arrest of Plaintiff.

109. At said date and location, said DEFENDANTS had ample and reasonably sufficient time and opportunity to so intervene and prevent the unlawful detention, search and arrest of Plaintiff, and were compelled to do so as peace officers under the laws of the State of California and under the Constitution of the United States of America.

110. At said date and location, in deliberate indifference to Plaintiff's life, health and Constitutional rights, said DEFENDANTS intentionally and with deliberate indifference

to the civil rights of Plaintiff, refrained from intervening in said detention, search and arrest.

111. As a result thereof, said DEFENDANTS unlawfully seized, detained, beat, searched and arrested Plaintiff and unlawfully and unjustifiably caused them to be prosecuted and imprisoned in *__violation__* of their rights under the Fourth and *Fourteenth Amendments of the Constitution of the United States* of America.

112. Thereafter, said DEFENDANTS were in the position and authority to lawfully intervene in and prevent the unjustified and unwarranted prosecution of Plaintiff and further failed to intervene to prevent the unlawful and malicious prosecution and imprisonment of Plaintiff.

113. As the actual and proximate result of the acts and omissions of said DEFENDANTS as described herein, Plaintiff suffered personal injuries to their bodies as a result of the excessive force used upon them, and were made to lose their freedom and liberty for the period stated above, this in *__violation__* of the Fourteenth Amendment's procedural and substantive due process guarantees. During said incarceration Plaintiff suffered personal and bodily injuries, and during said time suffered, and continue to suffer, severe emotional and psychological pain, suffering, anxiety, depression, anguish, shock, and fear. As further proximately resulting from said DEFENDANTS" *__misconduct__*, PLAINTIFFS have experienced a significant loss of wages and personal property.

114. The aforementioned acts of *__POLICE__* OFFICER DEFENDANTS were willful, wanton, malicious, oppressive and shocking to the conscience thereby justifying the awarding of exemplary and punitive damages as to said DEFENDANTS, DOES 21-50, and each of them.

**SIXTH CAUSE OF ACTION**

**(SUPERVISORIAL RESPONSIBILITY FOR *VIOLATIONS* OF PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS)**
**(Against DEFENDANT(s) – CITY, MAYOR, CHIEF, "SOSBPD" DOES 1-10)**

115. Plaintiff realleges and incorporates by reference each and every allegation set forth in all above paragraphs of this action.

116. This action is brought pursuant to *42 U.S.C. § 1983*, for *violation* of Plaintiff's constitutional protected rights under the Fourth and *Fourteenth Amendments of the U.S. Constitution.*

117. On or about the dates in 2022 as indicated herein of Plaintiff's security and/or tenant(s) unlawful arrest and/or entry without legal right to do so, the various DEFENDANTS, including but not limited to the City, Mayor, COP, SOSBPD DOES 1-10, and each of them, inclusively, despite the known facts, had discovered, knew and/or should have known or learned and became aware of the that Plaintiff and the various tenants were at all times in lawful possession of the Highland Property. The DEFENDANTS, DOES 21-50, and each of them, through forced and/or unlawful entry, without any warrant, Court Order and/or probable cause, constituted violation of CA Laws, Statues, violation of due process and that of the Constitution. The DEFENDANTS, as supervisorial positions has responsibility to ensure that the various employee and/or officers of the Defendant City and/or Defendant SBPD, all acted within the provisions of the rule of law, color of law, and/or within the regulation of the CA and US Constitutions. The various willful and/or unlawful action(s), including that of the false arrest of the Plaintiff's tenants / security, and of violation of Plaintiff's due process rights, and/or 'seizure' of Plaintiff's Highland Property and the various 'assets' therein, constitutes violation of CA Laws and Statues as

identified herein, and also violation of rule of law, color or law, and/or violation of Constitution (CA and/or US) by the various ***POLICE*** Officer DEFENDANTS of the City of San Bernardino, and/or SBPDO DOES 11-20, and each of them.

118. The DEFENDANTS, including but not limited to the City, Mayor, COP, SOSBPD DOES 1-10, and each of them, inclusively, all played a 'supervisorial' role to ensure the teaching, training and/or following the rule of law, was at all times followed and enforced, while the employee's of the Defendants SBPD and/or Defendant SBPDO DOES 11-20, served the community of the City of San Bernardino, the various businesses, and/or the citizens therein.

119. Thereafter, DEFENDANTS, including but not limited to the City, Mayor, COP, SOSBPD DOES 1-10, and each of them, inclusively, failed to conduct an adequate investigation of the various conducts by the various Defendant POLICE Officer DEFENDANTS, including SBPDO DOES 11-20, and each of them, at to these Defendants violation of the rule of law, color of law, violation of Plaintiff's due process rights, the false and unlawful arrest of the Plaintiff's 'security' and/or tenants while maintaining legal occupancy, unlawful 'seizure' of Plaintiff's Highland Property and the various 'assets' therein, and/or the violation of the CA and US Constitution.

120. Said DEFENDANTS, including but not limited to the City, Mayor, COP, SOSBPD DOES 1-10, and each of them, inclusively were aware of the customs, practices, and propensities of their subordinates - the various Defendant POLICE Officer DEFENDANTS, including SBPDO DOES 11-20, and each of them - to conduct illegal and wrongful searches, to make false arrests, to employ excessive and unnecessary force, to interfere with civil disputed, to act forcibly against legal occupants and/or against

Plaintiff based on false reports and/or false Documents. The DEFENDANTS, knew and/or should have known, and/or were informed that the Defendant Pathak had filed false ***police*** reports in ***violation*** of P.C. § 118.1, acted actively in the falsify documents and/or instruments, in addition to commit perjury, despite the failed attempt to enter the Highland Property, and continue to conceal willful ***misconduct***.

121. The DEFENDANTS and DOES 21-50, individual and/or collectively, conspired with the other Defendants, including Defendant Pathak, to use force and unlawfully and without probable cause or suspicion detain, arrest and imprison persons; including the ***misconduct*** alleged in the present complaint. Said DEFENDANTS and DOES 21-50, as supervisors, nor the Defendant SBPDO DOES 11-21, are 'above the law', and should allow the unlawful actions and/or tolerated, encouraged and expressly and impliedly condoned the various ***misconduct*** and/or unlawful violation of Plaintiff's legal rights, by consciously ignoring, turning a blind eye to and overlooking and ratifying such ***misconduct***.

122. DEFENDANTS, including but not limited to the City, Mayor, COP, SOSBPD DOES 1-10, and each of them, inclusively were aware of the various repeated acts, including that of the unlawful searches and seizures, the illegal use of excessive force, the preparation and submission of false and misleading ***police*** reports by Defendant Pathak upon which the DEFENDANT SBPDO relied, the falsification or forged documents and the commission of perjury by Defendant Pathak, on which all of the Defendant POLICE Officer DEFENDANTS, including Defendant SBPDO DOES 11-20, and each of them, through acts of conspiracies amongst the Defendant ***police*** officers in the City of San

Bernardino and/or SBPDO, all continued to violate Plaintiff's legal rights, by ignoring
and/or conceal said unlawful ***misconduct***.

123. Notwithstanding this knowledge, said DEFENDANTS, including but not limited to the
City, Mayor, COP, SOSBPD DOES 1-10, and each of them, inclusively encouraged and
facilitated such conduct and deliberately and leniently overlooked and ratified the
***misconduct*** of Defendant POLICE Officer DEFENDANTS, including Defendant
SBPDO DOES 11-20, and each of them, by failing to properly train, educated, enforce
the lawful acts, discipline said officers, and as such approving false and misleading ***police***
reports or relying on false statements and/or documents authored by Defendant Pathak,
which were supported and condoned by said officers, and failing to recommend and/or
conduct proper investigation and criminal prosecution of said officers or Defendant
Pathak, for their unlawful actions, and as such for the Defendants ongoing willful
conduct in ignoring the rule of law and/or ***misconduct***, and thus failing to supervise and
control Defendant POLICE Officer DEFENDANTS, including Defendant SBPDO DOES
11-20, and each of them, so as to prevent the continuous unlawful ***misconduct*** as alleged
herein and/or by failing to train said subordinate the Defendant SBPDO DOES 11021, in
the procedures, laws and practices that would eliminate the risk of the constitutional
***violations*** alleged herein, that had contributed to the harm and/or damages to the
Plaintiff.

124. By consciously and deliberately overlooking the repeated acts of the various unlawful
***misconduct*** and/or violation of law (i.e. criminal acts) by the DEFENDANTS, including
but not limited to the City, Mayor, COP, SOSBPD DOES 1-10, and each of them,
inclusively, including their subordinates Defendant POLICE Officer DEFENDANTS,

including SBPDO DOES 11-20, and each of them, said DEFENDANTS established a custom and practice of underline condoning and ratifying such ***misconduct*** and criminal activity, and established a tolerated pattern of constitutional ***violations*** amongst their subordinate officers. The condoning of ***misconduct*** by said DEFENDANTS was so comprehensive and well-known that their subordinate officers were emboldened to blatantly violate the constitutional rights of any persons the subordinate officers came into contact with while on duty and instead of enforcing the rule of law, seek to choose which citizen are worthy of police assistance, and/or select the various laws or statues on which each officer want to protect and/or enforce, and selectively choose to violate the legal rights of the citizens of the City of San Bernardino, including the Plaintiff and/or his tenants, and assisting with and/or condoning to commit violation of CA Laws and Statues (i.e. crimes), such as forced entry onto real property based on false statements and/or documents, interfering with civil disputes, assisting with theft of property, false arrests, perjury, and the like with impunity, knowing that a shield of 'immunity' should protect, despite the various violation of rule of law or violations of the constitution.

125. Through their conscious disregard for the rights of the person(s), including Plaintiff, the DEFENDANTS subordinates would in contact with and through their custom and practice of encouraging, condoning, tolerating and ratifying constitutional ***violations*** and alleged violation of rule of law (i.e. criminal activity) by their subordinates, said DEFENDANTS were deliberately indifferent to the constitutional ***violations*** being committed by their subordinates, including Defendant POLICE Officer DEFENDANTS, the Defendant SBPDO DOES 11-20, and each of them.

126. Based on the evaluation of the forced entry, 'seizure' of the Highland Property, the various threats to Plaintiff's through the use of force and/or would face arrest if Plaintiff entered the Highland Property of which there was legal ownership, legal possession, and/or had conducted a business for years, and despite the Plaintiff's evidence with the demonstration of the various facts and/or legal civil disputes from the incident which underlies this lawsuit, said DEFENDANTS, including but not limited to the City, Mayor, COP, SOSBPD DOES 1-10, and each of them, inclusively, as described above, and based on their knowledge of the various prior actions and/or ***misconduct*** of the officers involved in the incident of forced entry and/or 'seizure' of Plaintiff's property and the assets therein, said DEFENDANTS choose to ignore the rule of law, color of law, due process and/or the Constitutional protected civil rights, choose and/or concluded that the DEFENDANTS SBPDO DOES 11-20, actions and/or the arrest of Plaintiff's tenants were justified, when in fact these action were in direct violation of the notices given by the CA Attorney General and/or the rule of law, and as such Plaintiff believes that a conspiracy was in place and continuing between the various DEFENDANTS, including the Defendant SBPDO DOES 11-20, i.e. ***police*** officers involved in the incident to conceal the wrongfulness of their conduct, and that discipline and criminal prosecution of the various Defendant SBPDO DOES 11-20 and/or Defendant Pathak, failed to be enforced and/or even properly investigated. Notwithstanding the various facts and/or information provided by Plaintiff and the DEFENDANTS unknown conclusions, said DEFENDANTS, including but not limited to the City, Mayor, COP, SOSBPD DOES 1-10, and each of them, inclusively ratified, condoned, approved and turned a blind eye to the various ***misconduct*** and/or violation of the various CA Laws and/or statues by the

DEFENDANTS ('POLICE Officer DEFENDANTS'), including SBPDO DOES 11-20,

and each of them, failing to discipline said Officers and failing to recommend the

investigation and/or criminal prosecution of said officers, if violation of law existed

and/or could be shown.

127. Because of their failure to act to prevent the continuing constitutional ***violations*** by

their subordinates, and because of the establishment of the policies and practices

described above as well as their failure to adequately train their subordinates, the

DEFENDANT SBPDO DOES 11-20 and each of them, said DEFENDANTS are liable

for the constitutional ***violations*** committed by DEFENDANT SBPDO DOES 11-20,

('POLICE Officer DEFENDANTS) and each of them, and for the damages suffered by

Plaintiff as described herein. As the actual and proximate result of the acts and omissions

of said DEFENDANTS, including but not limited to the City, Mayor, COP, SOSBPD

DOES 1-10, and each of them, inclusively, Plaintiff's Highland Property was unlawfully

interfered with, through the willful forced unlawful entry, and thereafter was wrongfully

and illegally searched and with the various assets 'seized', and threatening Plaintiff from

not entering without harm and/or arrest, without any Court Order, Court Writ of

Execution to remove Plaintiff from the Highland Property, and/or to reinstate Plaintiff

after such ouster and/or 'seizure', and thereby made and caused Plaintiff damages, and to

lose not only the peace and enjoyment of the lawful possession, but also to loose freedom

and liberty for the duration of the period indicated above, and loss of the various 'assets'

and/or other damages, many ongoing as stated herein, all in ***violation*** of color of law,

and/or the Fourteenth Amendment's due process guarantees.

128.  As the actual and proximate result of the acts and omissions of said DEFENDANTS, including but not limited to the CITY, MAYOR, COP, SOSBPD DOES 1-10, and each of them, inclusively as described herein, Plaintiff has suffered various injury, loss of business, loss of various 'assets', and the other damages as identified, and the personal injuries as a result of the willful illegal and excessive use of force against Plaintiff and/or Plaintiff's security and/or tenants and their person, upon which were made to lose their freedom and liberty for the period stated above, all in violation of not only the CA rule of law, color of law, by also in ***violation*** of the Fourteenth Amendment's procedural and substantive due process guarantees. During said incarceration of Plaintiff's security, Plaintiff suffered from the trauma, anxiety, loss of business, damage, vandalism, and theft and/or loss of the various 'assets' therein, and during said time Plaintiff has suffered, and continues to suffer, severe losses, including emotional and psychological pain, suffering, anxiety, depression, anguish, shock, and fear from the DEFENDANTS and DOES 21-50, and each of them, ongoing unlawful actions. As further proximately resulting from said DEFENDANTS' ***misconduct*** and/or unlawful actions as identified and incorporated herein, Plaintiff have experienced a significant losses, of income, profit, and/or personal property and 'assets'.

129. The aforementioned acts of DEFENDANTS, including but not limited to the CITY, MAYOR, COP, SOSBPD DOES 1-10, and each of them, inclusively, were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to these DEFENDANTS, to be determined at trial.

130. DEFENDANT(s) – CITY, MAYOR, CHIEF, "SOSBPD" DOES 21-50 inclusively, individually and/or in concert with the other DEFENDANT SBPDO DOES 11-20 and

Defendant Pathak, contributed to Plaintiff various damages as identified herein, which over time is believed to exceed 20 Million US Dollars, and/or to be proven at trial.

131. As a direct result of DEFENDANTS', including the DEFENDANT(s) – CITY, MAYOR, CHIEF, "SOSBPD" DOES 1-10, and each of them inclusively, actions, Plaintiff has suffered substantial ongoing damage as identified herein, in an amount to be proven at trial.

132. Since DEFENDANTS', including  DEFENDANT(s) – CITY, MAYOR, CHIEF, "SOSBPD" DOES 1-10 , and each of them, inclusively, acts have also caused Plaintiff irreparable, ongoing injury of a nature that cannot be adequately compensated or measured in damages, Plaintiff has no adequate remedy at law and will suffer immediate and irreparable loss, damage and injury unless DEFENDANTS, DOES 21-50, inclusively, are restrained and enjoined from continuing and/or allowed to continue to engage in such wrongful future conduct(s), causing harm in to the general public.

## SEVENTH CAUSE OF ACTION
### (42 U.S.C. § 1983 – MONELL LIABILITY)
### (Against All DEFENDANTS, DOES 21-50)

133. Plaintiff realleges and incorporates by reference each and every allegation set forth in all above paragraphs of this action.

134. DEFENDANTS, DOES 21-50, and each of them, by and through the individual policymakers and/or supervisory officials, including but not limited to DEFENDANTS CITY, MAYOR, SBPD, SOSBPD DOES 1-10, and each of them, for the Defendant City of San Bernardino ("City") and/or Defendant San Bernardino Police Department ("SBPD"), improperly, inadequately, or with deliberate indifference and/or reckless disregard for constitutional rights of persons, failed to properly train, supervise, retrain,

monitor, or take corrective action with respect to individual employees under their

supervision and control, including in particular but not necessarily limited to

DEFENDANTS SBPDO DOES 11-20, and DOES 21-50, and others with respect to the

types of wrongful conduct alleged in this complaint, including, but not limited to the

failure to enforce the law of the State of California, the unconstitutional enforcement of

local ordinances and statutes, the enforcement of unconstitutional ordinances and statutes,

and misuse of actual or perceived authority against individuals such as Plaintiff, such that

each one of them is liable legally for all injuries and/or damages sustained by Plaintiff

pursuant to the legal principles set forth in *Monell v. Dept. of Social Services of the City*

*of New York, 436 U.S. 658 (1978),   Heller v. Bushey, 759 F.2d 1371 (9th Cir. 1986),*

*cert. granted and reversed on other grounds sub nom.   City of Los Angeles v. Heller, 106*

*S.Ct. 1573 (1986),* and   *Larez v. Gates, 946 F.2d 630 (9th Cir. 1991)*, the content of all

of which is incorporated herein by this reference.

135. The following policies, customs, and practices of DEFENDANTS SBPDO DOES 11-20

and DOES 21-50, and each of them, were in effect at the time of the incidents described

herein, which had the natural and foreseeable result of violating Plaintiff's established

Civil Rights, Due Process Rights, and/or Constitutional (CA and US) rights :

a. Allowing, encouraging, failing to properly train, or otherwise refusing to punish

members of the San Bernardino Police Department who make reckless or deliberately

wrongful act(s) and violated CA Laws and/or Statues, rule of law, color of law, abuse of

civil rights, violation of due process and/or use of unlawful force of entry and/or 'seizure'

against Plaintiff's Highland Property and/or that of the various 'assets' therein, causing

and/or contributing to the various damages, in ***violation*** of the Fourth Amendment ;

b. Allowing, encouraging, or otherwise refusing to punish members of the Defendant San Bernardino Police Department ("SBPD") and/or Defendant SBPDO DIES 11-20, and each of them, who intentionally ignored the facts and/or information known to them for the protection of Plaintiff's civil rights, due process rights, and/or pursuant to CA Laws and Statues, and chose to assist Defendant Pathak and/or his associates based on false statements under oath and/or fraudulent documents, and avoid the true facts and/or evidence provided to them, and choose use force and/or 'size' property, in violation of CA Laws and Statues, and violate Plaintiff Civil Rights, due process rights, and/or Constitutional (CA and/or US) protected rights, and/or failed to properly investigate the facts prior to the various actions taken ;

c. Allowing, encouraging, or otherwise refusing to punish members of the Defendant San Bernardino Police Department ("SBPD") and/or Defendant SBPDO DOES 1-20, and each of them, who make arrests unsupported by probable cause on Plaintiff's security and/or tenants, who had legal right to occupy the Highland Property or use force of 'seizure' and/or willful unlawful 'constructive eviction', without a Court Order, Court Judgement and/or Writ of Execution, or warrant, in ***violation*** of the Fourth Amendment; and

d. Attempting to use custodial interrogations to obtain evidence against individuals known to be innocent of the crime being claimed and/or investigated.

136. DEFENDANTS, DOES 21-50. and each of them, by and through the Defendant San Bernardino Police Department ("SBPD") and/or Defendant SBPDO DOES 11-20, and each of them, owed a duty to Plaintiff and others at all times to establish, implement, and follow policies, procedures, customs, and/or practices which confirm and provide for the

protections guaranteed them under the United States Constitution, including the Fourth and Fourteenth Amendments; to use reasonable care to select, supervise, train, control, and review the actions of all of their agents, officers, and employees; and to ensure that its members engaged in the performance of their duties in conformity with the laws of the United States.

137.. Instead, DEFENDANTS and DOES 21-50 and each of them, engaged in the above-described policies, practices, and customs, all of which is not unique to Plaintiff alone or constitutes an isolated incident, but are in fact pervasive policies, practices, and customs of which DEFENDANTS, DOES 21-50 and each of them, by and through its various supervisors and policymakers, are aware and either expressly maintain or otherwise tacitly support through inaction.

138.  The injuries suffered by Plaintiff as described elsewhere herein, were directly, proximately, and foreseeably caused in part by the unconstitutional practices, policies, or customs, both written and unwritten, that at all relevant times were in full force and effect by DEFENDANTS, DOES 21-50 and each of them and their employees, which were put in place or otherwise allowed to remain in place due to the tacit agreement of DEFENDANTS, DOES 21-50 and each of them, various supervisors, managers, and policymakers, and was further exacerbated by their refusal to properly investigate such misconduct of other individuals under their supervision and authority, or discipline the same.

139.  DEFENDANTS, DOES 21-50 and each of them, by and through its various supervisors and policymakers, knew, or should have known, that by breaching the aforesaid duties and obligations that it was foreseeable that it would cause Plaintiff and others to suffer

constitutional injury and be damaged by the wrongful acts and omissions as alleged

herein, that such breaches occurred in contravention of public policy and as to their

respective legal duties and obligations to individuals within their jurisdiction.

140.  The aforementioned policies, practices, customs, and procedures, as well as the lack of

adequate training and discipline as stated and shown above, were the moving force and/or

substantial factor in bringing about the constitutional deprivations complained of by

Plaintiff herein.

141.  By reason of the foregoing facts, DEFENDANTS, and each of them including DOES

21-50 inclusively individually and/or collectively caused Plaintiff the various damages as

alleged and/or identified herein.

142.  DEFENDANTS, and each of them including DOES 21-50 inclusively, malicious

unlawful action(s) causing Plaintiff loss and/or damages, will be ascertained according to

proof at the time of trial.

143.  As a direct result of DEFENDANTS', DOES 21-50, and each of them, actions, Plaintiff

has suffered substantial damage believed to exceed 20 Million US Dollars and/or, in an

amount to be proven at trial.

144.  Since DEFENDANTS', DOES 21-50, and each of them, inclusively, acts have also

caused Plaintiff irreparable, ongoing injury of a nature that cannot be adequately

compensated or measured in damages, Plaintiff has no adequate remedy at law and will

suffer immediate and irreparable loss, damage and injury unless DEFENDANTS, DOES

21-50, and each of them, are restrained and enjoined from continuing to engage in such

wrongful conduct.

## **EIGHTH CAUSE OF ACTION**

**(VIOLATION OF CAL. CIV. CODE § 52.1 – BANE ACT VIOLATION)**

**(Against All DEFENDANTS, Defendant Pathak, DOES 21-50)**

145. Plaintiff realleges and incorporates by reference each and every allegation set forth in
all above paragraphs of this action.

146. The United States Constitution, Amendment IV, and the Cal. Const. Art. I § 13
guarantee the right of persons to be free from excessive force, wrongful act(s), and
through violation of CA Laws, US Constitution, and/or due process, without probable
cause.  DEFENDANTS,DOES 21-50, and each of them, by engaging in the wrongful
conduct(s) as alleged and set forth herein above, denied these rights to the Plaintiff, as
identified herein above, thus giving rise to claims for damages pursuant to Cal. Civ. Code
§ 52.1.

147. *Article I, § 13, of the California Constitution* contains identical text to the *Fourth
Amendment to the United States Constitution* and has been interpreted to be consistent
with the protections afforded under the *Fourth Amendment to the United States
Constitution* with respect to freedom from searches and seizures unsupported by either a
warrant or probable cause.

148. At all times material, Plaintiff was a person who was legally entitled to the right to be
free from unlawful searches and seizures under the *Fourth Amendment to  the United
States Constitution* as well as *Article I, § 13 of the California Constitution*, including
searches performed by way of warrants obtained through the use of recklessly or
intentionally false information submitted in furtherance of the application to obtain said
warrants.

149. *California Civil Code § 52.1* - referred to as the "Tom **_Bane_** Civil Rights **_Act_**" - allows
any individual to bring a civil claim against a government actor who has interfered with

or attempted to interfere with the exercise or enjoyment of rights secured by the

Constitution or laws of the United States or of rights secured by the Constitution or laws

of the State of California.

150.  As a direct and proximate cause of the aforementioned acts of DEFENDANTS, DOES

21-50, and each of them, Plaintiff was injured as set forth above, and are entitled to

statutory damages under Cal. Civ. Code § 52, as well as compensatory and punitive

damages according to proof.

## NINETY CAUSE OF ACTION

**(UNFAIR BUSINESS PRACTICES (CA *Bus & Prof Code § 17200* et. seq.  Violation of
Business and Professional Code § 17200, 17500 et seq.)**

**(Against All DEFENDANTS AND DOES 21-50)**

151.  Plaintiff realleges and incorporates by reference each and every allegation set forth in

all above paragraphs of this action.

152.  DEFENDANTS, DOES 21-50, and each of them, had a duty and obligation to perform

their employment, conform their conduct, and execute laws and regulations in a lawful

and reasonable manner.

153. DEFENDANTS, DOES 21-50, and each of them, breached that duty when they

intentionally engaged in the various conduct(s) and/or activities described above (many

believed to be in violation of California Laws and statues and of the Constitution), of

which are incorporated herein by reference, and the stated causes of action(s) described

above.

154. DEFENDANTS, DOES 21-50, and each of them, failed to comply with the rule of law,

and/or protect Plaintiff's constitutional protected rights, and have continued to deny those

rights, and contribute to the ongoing wrongful damages and losses that forced Plaintiff to face.

155. This constitutes violations of both State and Federal Statutes. Accordingly DEFENDANTS, DOES 21-50, and each of them, have violated California Business and Professional Code § 17200, and 17500 et seq., which prohibits acts of unfair competition and unfair business practices.

156. Defendant's acts and conduct as stated herein above, are in violation of California Business and Professional Code § 17200 and 17500 et seq., have caused and will continue to cause Plaintiff's irreparable, ongoing injury of a nature that cannot be adequately compensated or measured in great and irreparable injury and damages. The harm sustained as a result of DEFENDANTS, DOES 21-50, and each of them inclusively, wrongful act(s) cannot be adequately compensated or measured in damages. Plaintiff has no adequate remedy at law and will suffer immediate and irreparable loss, damage and injury unless DEFENDANTS, DOES 21-50, and each of them inclusively, are restrained and enjoined from continuing to engage in such wrongful conduct.

157. Said bad faith actions and wanton and willful disregard by DEFENDANTS, and/or DOES 21-50, and each of them, constitute a punitive breach of faith and fair dealing, the various violations of 42 U.S.C. § 1983, intentional infliction of emotional distress, etc. for which Plaintiff contends is an unfair business practice in ***violation*** of CA *Bus & Prof Code § 17200*.

## TENTH CAUSE OF ACTION
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ("IIED"))
### (Against All DEFENDANTS, Defendant Pathak, DOES 21-50)

158. Plaintiff realleges and incorporates by reference each and every allegation set forth in all above paragraphs of this action.

159. DEFENDANTS, DOES 21-50, and each of them, had a duty and obligation to perform their employment, conform their conduct, and execute laws and regulations in a lawful and reasonable manner.

160. DEFENDANTS, DOES 21-50, and each of them, breached that duty when they intentionally engaged in the various conduct(s) and/or activities described above (many believed to be in violation of California Laws and statues and of the Constitution), of which are incorporated herein by reference, and the stated causes of action(s) described above.

161. DEFENDANTS, DOES 21-50, and each of them, failed to comply with the rule of law, and/or protect Plaintiff's constitutional protected rights, and have continued to deny those rights, and contribute to the ongoing wrongful damages, losses, and/or force Plaintiff to face ongoing emotional distress.

162. DEFENDANTS and/or DOES 21-50, and each of them, by engaging in the conduct(s) and/or actions hereinabove alleged, intended to cause and/or contributed towards the ongoing damages and that of Plaintiff's ongoing severe emotional distress, with total disregards of the emotional or financial effects on the Plaintiff.

163. DEFENDANTS, DOES 21-50, and each of them, knew, or should have known, but for their reckless and/or intentional disregard of the facts and circumstances herein described, with substantial certainty that their actions and/or conduct by the DEFENDANTS, and each of them in the above INCIDENT would subject Plaintiff to severe emotional distress and would seriously and substantially harm Plaintiff, and DEFENDANTS perpetrated the

various acts (directly or indirectly) described in this complaint with the intent to inflict
such harm and severe emotional distress upon Plaintiff and or acted in perpetrating the
heinous, retaliatory, and indecent acts described herein, with the knowledge that such
harm and severe emotional distress was substantially certain to befall Plaintiff as a result,
or with reckless disregard for the substantial certainty that such harm would befall
Plaintiff, causing ongoing losses, distress, and/or severe burden (financial and/or
emotional).

164. The various action(s) and/or conduct(s) perpetrated by DEFENDANTS, DOES 21-50,
and each of them, was and is believed to be perpetrated malicious design and intent to
harm and inflict the maximal pain and/or damages, and cause severe unconscionable
suffering and extreme emotional and mental distress on Plaintiff.

165. As a direct result of DEFENDANTS, DOES 21-50, and each of them, actions, Plaintiff
has and continues to suffer from ongoing damages, losses, and/or financial hardship,
causing and contributing to severe emotional distress, not only from the various damages
and/or losses of assets, but to face the devastating or overwhelming losses as alleged
herein, and face the financial hardship as a result therein.

## PRAYER FOR RELIEF AND DEMAND FOR JUDGEMENT

**WHEREFORE**, Plaintiff prays for judgment against DEFENDANTS, DOES 21-50, and
each of them, as shall be jointly and severally liable, as follows :

## ON THE FIRST AND SECOND CAUSE OF ACTION

1. That the Court adjudge and decree that the DEFENDANTS, DOES 21-50, and each of
them have willfully infringed Plaintiff's exclusive civil rights, in violation of CA law

and/or statues and have knowingly refused to comply with the rule of law, follow due process, and/or the Constitution ;

2. That the DEFENDANTS, DOES 21-50, and each of them, and those acting in concert with them, be permanently enjoined from engaging in further acts ;

3. That Plaintiff be awarded, at Plaintiff's election, statutory damages and/or actual damages in an amount to be proven at trial;

4.  Interest at the maximum legal rate;

5. All reasonable attorney's fees and costs incurred herein;

6. For punitive damages, that is believed to exceed 200 Million US  Dollars, according to proof at trial;

7. That the Court grants such other, further, and different relief as the Court deems just and proper under the circumstances.

## ON THE THIRD AND FORTH CAUSE OF ACTION

1. That the Court adjudge and decree that the DEFENDANTS, DOES 21-50, and each of them have willfully harmed Plaintiff, and caused the various damages, amounting and/or exceeding 20 Million Dollars, and according to proof ;

2. That the DEFENDANTS, and those acting in concert with them, be permanently enjoined from engaging in further acts  ;

3. That the DEFENDANTS, and those acting in concert be held liable ;

4. That Plaintiff be awarded, Defendant's profits, damages in an amount to be proven at trial, and costs of bringing this action;

5. That the court awards Treble Damages under 25 U.S.C. § 1117 et seq.

6.  All reasonable attorney's fees and costs incurred herein;

7. That DEFENDANST and DOES 21-50, and each of them is ordered to fully compensate Plaintiff for all losses and/or damages from the unlawful actions ;

8. For exemplary or punitive damages in an amount appropriate to punish or to make an example of DEFENDANTS and DOES 21-50, and each of them, according to prove at trial;

9. Interest at the maximum legal rate; and

10. That the court grants such other, further, and different relief as the Court deems just and proper under the circumstances.

### ON THE FIFTH AND NINETH CAUSE OF ACTIONS

1. That the court issue a permanent injunction prohibiting DEFENDANTS and DOES 21-50, and each of them, from engaging in the unfair business practices and unfair competitive describe herein;

2. For an award of restitution in an amount, that exceeds 200 Million US Dollars, according to proof;

3. For an accounting of all financial records relating to the infringing activities;

4. That the DEFENDANTS, DOES 21-50, and those acting in concert causing harm and/or damages to Plaintiff, believed to exceed 20 Million US Dollars, according to proof.

5. For reasonable attorney's fees and costs associated with this action;

6. For interest at the maximum legal rate; and

7. That the court grants such other, further, and different relief as the Court deems just and proper under the circumstances.

### ON THE SIXTH CAUSE OF ACTION

1. That the Court adjudge and decree that the DEFENDANTS, DOES 21-50, and each of them inclusively, have willfully caused the violation of Plaintiff's due process, and/or civil rights;

2. That the DEFENDANTS, DOES 21-50, and each of them, and those acting in concert with them, be permanently enjoined from engaging in further acts, and fully be financial responsible for those unlawful action(s)  ;

3. That the DEFENDANTS, DOES 21-50, and each of them, inclusively, and those acting in concert with them, be permanently enjoined from engaging in further acts  .

4. That Plaintiff be awarded, statutory damages and/or actual damage in an amount to be proven at trial;

7. That DEFENDANTS, DOES 21-50, and each of them including disgorge losses and/or profits derived from their wrongful unlawful conduct(s), as identified herein ;

8. Interest at the maximum legal rate;

9. All reasonable costs, including secretary, paralegal, research, attorney (if apply), court costs, and any or all other fee's and cost in regards to this action incurred herein;

10. For treble damages according to proof at trial;

11. That the Court grants such other, further, and different relief as the Court deems just and proper under the circumstances.

## ON ALL CAUSES OF ACTION

1. General Damages, in an amount according to proof;

2. Compensatory and special damages in accordance with proof;

3. Interest as allowed by law;

4. Compensation of all losses incurred by the Plaintiff, past, present, and/or future;

5. Loss of use, loss of profits from profits or sale, and/or reimbursement of the various financial losses through time, investments, and/or contractual relationships, contributed to ongoing losses suffered by Plaintiff, according to proof;

6. Costs of suit necessarily incurred herein; and

7. For such other and further relief as the Court deems just or proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Civil Procedure.

Date : July 14, 2023.

Sunil Bhasin
Plaintiff, In Pro Ser

# EXHIBIT "A"

**Rob Bonta, Attorney General**

| | | |
|---|---|---|
| California Department of Justice **DIVISION OF LAW ENFORCEMENT** John D. Marsh, Chief  | | *INFORMATION BULLETIN* |

| Subject: **Protecting Tenants Against Unlawful Lockouts and Other "Self-Help Evictions"** | No. 2022-DLE-05 | Contact for information: Division of Public Rights Consumer Protection Section Nicklas.Akers@doj.ca.gov |
|---|---|---|
| | Date: July 13, 2022 | |

## TO: ALL CHIEFS OF POLICE AND CALIFORNIA SHERIFFS

Law enforcement officers are sometimes called to the scene of disputes between residential landlords and tenants because a landlord has changed the locks on a rental property or forced the tenant out through other means. These so-called "self-help evictions" are not merely civil matters – they violate California criminal and civil laws.

This bulletin provides legal guidance about steps law enforcement officers can take to prevent and respond to unlawful lockouts and self-help evictions.

### Legal Basis for This Guidance

It has long been the law in California that a tenant can be removed from a rental property only after there has been a court judgment and a writ of possession has been issued. (Code of Civ. Proc. §§ 712.010, 715.010 et seq., 1159 et seq.; Civ. Code § 789.3; Penal Code § 418.) Even then, only the Sheriff or Marshal, or their deputies, may evict a tenant. No one else, including a police officer, property owner, property manager, or realtor, may remove a tenant from their rental unit or force a tenant to leave. This is not only a civil matter but also a criminal matter, so law enforcement should intervene to enforce the law and stop self-help evictions.

**Penal Code § 418** makes it a misdemeanor to use, encourage, or assist another to use "any force or violence in entering upon or detaining any lands or other possessions of another." **Penal Code § 602.5** makes it a misdemeanor to enter or remain in a residence without the consent of "the person in lawful possession," meaning the tenant. **Civil Code § 789.3** prohibits a landlord from changing the locks, shutting off the water or utilities, moving a tenant's belongings into the yard or street, or removing exterior doors or windows, in order to force a tenant out. Landlords who do so are liable for a penalty of $100 per day that the violation continues, plus the tenant's actual damages. As explained in Civil Code § 1940.2, landlords may also violate **Sections 484 and 518 of the Penal Code** when influencing a tenant to vacate. Illegal evictions may also violate local ordinances in your city or county.

It is important to note that landlords cannot force out a tenant even if the tenant owes rent, has received an eviction notice, or is breaching the lease. In all cases the landlord must use the court process to legally evict a tenant.

**How to Respond**

- Police officers should never help a landlord evict a tenant by force or threats. Only the Sheriff, Marshall, or their deputies may evict, and they may only do so with a court order.
- Do not ask the tenants to leave their home.
- Advise the landlord or other persons involved that it is a misdemeanor to force tenants out of a rental property. Instruct them to allow the victims back into the home.
- Advise the landlord to seek legal advice if they have an issue with the tenant or to lawfully evict the tenant.
- Write a report about the incident even if no arrest is made.

**When There Is a Dispute About Who Lives in the Home**

If there is a dispute about whether a victim of a lockout lives in the rental unit, it may be appropriate to ask the individual to demonstrate their connection to the property. Keep in mind that lawful tenants may not always have ready proof that they live in the unit. Verbal agreements are common, and many tenants do not have a written lease or rent receipts.

Victims should be allowed to show a range of documentation, such as an ID, mail, utility bill, vehicle registration, paystub, or other proof to show that they live in the rental unit. They may need access to the unit to get such documents. Alternatively, if the landlord refuses to admit that the individual lives there, neighbors may be able to verify who lives in the unit.

**When the Owner Also Lives in the Home**

In general, tenants who rent a room in a home, whether from a master tenant or the homeowner, are entitled to the same protections against self-help evictions. Like other tenants, they may only be evicted through the court process. The only exception is for a "lodger," which is a single person who lives in a home with the homeowner and no other tenants, where the homeowner has full access to and control of all areas of the dwelling. (Penal Code § 602.3; Civil Code § 1946.5.) To treat someone as a lodger, specific legal requirements must be met. Law enforcement officers should consult with their agency's legal counsel if this issue arises.

**Victim Services**

Victims of illegal lockouts may need additional support to understand their rights or respond to the court eviction process. Officers should refer tenants to legal aid organizations in the area, which can be found at www.LawHelpCA.org or at the self-help desk at your local courthouse.

# EXHIBIT "B"





**GEORGE HILLS**
*Our minds over your matters.*

February 28, 2023

Sunil Bhasin
1255 Newman Street
Simi Valley, CA 93065

RE:    Our Client:           City of San Bernardino
       Our Claim Number:     GHC0049312
       Date of Loss:         07/01/2022

### Notice of Rejection

Notice is hereby given that the claim you presented to the City of San Bernardino on or about December 7, 2022, was rejected on February 28, 2023.

We have completed our review of your claim. The San Bernardino Police Department did not find any records to confirm they were involved in this incident.

### WARNING

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code Section 945.6. You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

This time limitation applies only to causes of action arising under California law for which a claim is mandated by the California Government Tort Claims Act, Government Code sections 900 et seq.  Other causes of action, including those arising under federal law, may have a shorter time limitation for filing.

Although we regret this incident occurred and you suffered damages, we trust you understand the City of San Bernardino is obligated to pay only those claims for which liability has been legally established.

Please be advised that pursuant to Sections 128.6, 128.7 and 1038 of the California Code of Civil Procedures, the City of San Bernardino will seek to recover all costs of defense in the event a legal action is filed in the matter, and it is determined the action was not filed in good faith and with reasonable cause.

If you have any questions, please contact the undersigned.

Sincerely,
George Hills Company

Darren Mack
Claims Adjuster
(909)343-4436
Darren.mack@georgehills.com

PROOF OF SERVICE BY MAIL

THE STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO, CITY OF ONTARIO

I am employed in the County of San Bernardino, State of California. I am a citizen of the United States and am over the age of eighteen years. My business address is 2920 Inland Empire Blvd. Suite 120 Ontario, CA 91764. I am not a party to the cause. I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. All correspondence is deposited with the United States Postal Service that same day in the ordinary course of business. Mailing occurred on the referenced date following ordinary business practices.

On February 28, 2023, I served the Notice of Rejection on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Sunil Bhasin
1255 Newman Street
Simi Valley, CA 93065

I placed such an envelope with postage thereon fully prepaid on February 28, 2023, in the United States mail in Ontario, CA.

I declare under penalty of perjury that the foregoing is true, correct, and executed on February 28, 2023, in Ontario, CA.

Carla Smith

_____

Carla Smith, Claims Adjuster