UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.   **5:23-cv-01727-JFW (DTB)**                                     Date: **June 28, 2024**

Title:  **Sunil Bhasin v. City of San Bernardino, et al.**
================================================================
**DOCKET ENTRY**
================================================================
PRESENT:

**HON. DAVID T. BRISTOW, MAGISTRATE JUDGE**

S. Lorenzo                                                                                    n/a
Deputy Clerk                                                                          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:            ATTORNEYS PRESENT FOR DEFENDANT(S):
None present                                                                  None present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF PROSECUTION**

On August 25, 2023, plaintiff Sunil Bhasin, proceeding pro se, filed a Civil Rights Complaint ("Complaint") [Dkt. # 1].  Prior to serving the Complaint, plaintiff filed a First Amended Complaint ("FAC") against the City of San Bernardino, John Valdivia as elected Mayor in the City of San Bernardino, City of San Bernardino Police Department, Brian Harris as Captain Chief of San Bernardino Police Department, Supervising Officer(s) of the San Bernardino Police Department DOES 1-10, San Bernardino Police Officer(s) DOES 11-20, Joe Pilkington, Joseph Rogers, Waylon Turner, and DOES 21-50 [Dkt. # 8].  On February 14, 2024, the Court advised plaintiff that was responsible for requesting and obtaining summons(es) and was ordered to promptly proceed with proper and lawful service of the Summons and FAC on each named defendant.  On March 4, 2024 and March 7, 2024, plaintiff filed requests that the Clerk issue a summons, however those requests were not properly prepared.  As such, on March 11, 2024, the Court struck plaintiff's requests [Dkt. Nos. 11, 13-15] and again ordered plaintiff to properly request a summons for each named defendant [Dkt. # 17].  On March 22, 2024, plaintiff filed another request that the Clerk issue a summons [Dkt. # 20], which the Court corrected on plaintiff's behalf[1] and issued on March 26, 2024 [Dkt. # 21].  Even though the

---

1      Plaintiff's caption contained the words "et al" which is not proper format for the Court.

MINUTES FORM 11                                                                Initials of Deputy Clerk    SL
CIVIL-GEN

Court issued plaintiff a Summons on the FAC for all defendants [Dkt. # 21], he has filed individual requests which the Court has also issued [Dkt. Nos. 24, 25, 27-29].

On May 17, 2024, the Court issued an Order to Show Cause re Failure to Service [Dkt. # 30].  On May 28, 2024, plaintiff filed a Proof of Service for defendant Turner [Dkt. # 31].  On May 30, 2024, plaintiff filed his response to the Court's Order to Show Cause re Failure to Service [Dkt. # 32].  On June 11, 2024, plaintiff filed a Proof of Service for defendant Rogers.

Service under Rule 4 of the Federal Rules of Civil Procedure requires service of "both the summons and the complaint . . . within the time allowed by Rule 4(m)" to effect proper service.  See Fed. R. Civ. P. 4(c)(1).  A party to the action may not effect such service.  See Fed. R. Civ. P. 4(c)(2).  Under Rule 4(e), an individual defendant may be served with a summons and complaint by: (1) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located"; or (2) "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P 4(e).

Rule 4(m) provides that if a defendant "is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, if a plaintiff shows good cause for the failure to serve, the court must extend the time for service for an appropriate period.  Id.  The burden of establishing good cause is on the plaintiff. Tucker v. City of Santa Monica, 2013 WL 653996 at *2 (C.D. Cal. Feb. 20, 2013)). The "good cause" exception to Rule 4(m) applies "only in limited circumstances" and is not satisfied by "inadvertent error or ignorance of the governing rules."  Id. (citations and quotations omitted); see also Townsel v. County of Contra Costa, 820 F.2d 319, 320–21 (9th Cir. 1987) (ignorance of Rule 4 is not good cause for untimely service)).  Further, unless service is waived, proofs of service must be provided to the Court. Fed. R. Civ. P. 4(l).

### Failure to Serve

Absent a showing of good cause, an action must be dismissed without prejudice if the summons and complaint are not served on a defendant within 90 days after the complaint is filed.  Fed. R. Civ. P. 4(m).

In the present case, it appears that this time period has not been met. Accordingly, the Court orders plaintiffs to show cause in writing on or before **July 12, 2024**, why this action should not be dismissed as to defendants City of San Bernardino, John Valdivia as elected Mayor in the City of San Bernardino, City of

San Bernardino Police Department, Brian Harris as Captain Chief of San Bernardino Police Department, Supervising Officer(s) of the San Bernardino Police Department DOES 1-10, San Bernardino Police Officer(s) DOES 11-20, Joe Pilkington, and DOES 21-50, for lack of prosecution.

### Failure to Prosecute

Generally, defendants must answer the complaint within 21 days after service (60 days if the defendant is the United States).  Fed.R.Civ.P. 12(a)(1).

In the present case, it appears that this time period has not been met. Accordingly, the Court orders plaintiff to show cause in writing on or before **July 12, 2024**, why this action should not be dismissed as to defendants, Joseph Rogers and Waylon Turner, for lack of prosecution.

Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the court finds that this matter is appropriate for submission without oral argument.  The Order to Show Cause will stand submitted upon the filing of plaintiff's response. Alternatively, in response to the Order to Show Cause, plaintiff may seek entry of default by the clerk against the defendants who have failed to respond to the complaint, on or before **July 12, 2024.**   Failure to respond to this Order as instructed by the Court may result in the imposition of sanctions, including but not limited to dismissal of the action without prejudice.

**IT IS SO ORDERED.**